17-0290. Counsel ready? Yes, Your Honor. You may proceed. I please the Court, this case is here on a petition to dismiss. A petition under 14-01. The motion to dismiss being under section 615, claiming failure to state a claim. We've cited to the Court a recent Supreme Court case, 2015, Warren County, Doyle and Water v. Walters, which in ruling on 14-01 petitions, stated that if the facts are disputed, a thorough and fair evidentiary hearing is required, and that the standard of review is de novo on if the 14-01 petition is decided on either a judgment on the pleadings or a motion to dismiss. So before this Court, we submit that the standard of review is de novo, and the issue before the Court is whether the trial court erred in granting the motion to dismiss. And although the motion presented to the trial court was a motion to dismiss the 14-01 petition, the arguments advanced by Kenneth Fultz, the husband, in the divorce proceedings, was that the petitioner, the wife, Bobbie Jo Fultz, that I represent, failed to prove her case. In fact, the trial court, in entering an order, said she failed to prove her case. But there was no evidentiary hearing. We were there on a motion to dismiss, which is what was argued. And so in this case, we submit to the Court the issue is whether the petition for relief under 14-01 states a claim for relief, under which any relief could be granted. And the relief requested is that the property 15 divorce be set aside and that the petitioner, Bobbie Jo Fultz, be allowed to re-litigate what should be a fair property settlement. She's not challenging the divorce itself. Now, the background, as alleged in the amended petition, which is in the appendix, is that these people had been married and divorced a total of four times, comprising a period of 26 years in which they had lived together most of the time between the divorces as well. And Bobbie Jo was under the dominion and control of Kenneth Fultz, who's a domineering and controlling person. On the other hand, she's very shy and has emotional distress issues, takes Xanax. She retained an attorney for this divorce proceeding, paid those attorneys more than $52,000, and then they withdrew on the eve, actually on the morning of the hearing to approve the property settlement. The key issue is whether that property settlement is unconscionable. And the facts that we have state that unconscionability is defined as being either procedural or substantive or both. Procedural unconscionability is the denial of a meaningful choice. Substantive unconscionability is that the agreement is totally one-sided or harsh. And we've cited to the court four separate cases involving divorce property settlement agreements in which 1401 petitions to set aside the property settlement agreements were approved by the appellate court. In re Argymon, in re Carlson, in re Johnson, in re Callahan. And in all those cases, the key factors that the court focused on, the appellate court focused on, was the disparity in the amount of the property settlement agreement. Now, in this case, the amended petition alleges that Bobby Joe received a house worth $250,000, but that Kenneth Fultz received the balance of marital property, which was in excess of $3 million, which is totally unfair, oppressive, harsh, and unconscionable, which fits right within the pattern of the cases that have affirmed the relief under Section 1401 in property settlement issues, property settlement cases, property settlement parts of the divorce case. Counsel, if I can ask you something. Yes, Your Honor. Did your client receive cash of $200,000, $250,000, or the house, or I thought I read something in the record where she had received cash and the money spent, and if that's the case, then how does that affect the No, she didn't receive cash. She received the house. She got the purchase price was about $250,000. They had agreed on the house, and he paid for it, so she didn't get cash. And in this case, she is, they have four children. She's now close to 50 years old. She has no training. She got no maintenance either. She has no Although she's working on that, but she has very limited ability to earn an income, and Mr. Falls is a very successful car dealer, has a number of car dealerships in the Metro East area. The appellee has cited four cases, which we distinguish at pages six and seven of our reply brief, and all four of those cases were decided after an evidentiary hearing, which brings us back to the issue in this case. I mean, the case does have an unusual posture, but I mean, we simply had no choice but to respond to the motion to dismiss under Section 615, which is what we did, and that does not result in a decision based on any of the allegations, which is what the trial court ruled, and what Mr. Falls argued during the hearing on the motion to dismiss. Actually, the attorney there said, well, those are just mere allegations. They haven't been proved, and in dealing with the motion to dismiss, the question is whether those allegations are a cause of action or grounds for relief. The amended petition alleges that the property settlement was impassionable, among other things, because the lawyers for Bobby Joe withdrew on the morning that they had a hearing to prove it up. Discovery was not complete. Motion to continue the hearing had been denied. She was on Xanax at the time and had been for years. She's now off of it, but at that time she was on it. She was under emotional distress and under the control and dominion of Kenneth Falls that she had lived with for these 26 years, during which he treated her in a very demeaning manner, both physical and emotional abuse, which is alleged in the amended petition, and she really couldn't make a conscious decision. Importantly, the merit of property, she got $250,000 when the merit of property was worth more than $3 million. There was a revocable trust that Kenneth Falls had put some of his assets in and we had asked for discovery. As to a copy of the revocable trust and a list of assets that were in the revocable trust, that motion for discovery was denied because the amended petition under 1401 was dismissed and or denied. And so based on those facts, we believe that there is sufficient facts in agreement on the grounds that it is unconscionable. There are allegations about due diligence. The divorce decree was in November, on November 23, 2015. Around March of the following year, Barbara Jo contacted me. This is alleged. We had a meeting in April. We sent out some letters to the parties involved and their attorneys and the IRS and the accountants. We got some information back. We sent up a follow-up letter in August and asking for an explanation as to what we thought were marital assets. We received no explanation. So on November 22, one day less than a year after the divorce decree, we filed the petition for relief and then later there was an amended petition for relief. So we submit that there's also adequate allegations of due diligence. And in addition, in the Warren County Soylent v. Walters case, it points out that the issue of due diligence is subject to equitable considerations. So certainly we've alleged sufficient facts on the due diligence issue to get past a motion based on 615. So that's the issue before the court. That's the amended petition state a claim for relief under 1401 to set aside the property settlement agreement part of the divorce and have a hearing on what should be a fair and equitable distribution of the marital property. Thank you, Counsel. I disagree that the key issue in this case is whether the agreement was unconscionable. I think the key issue of contention is the court's order. The court's order actually denied the petition to vacate. There is no, there is nothing in the court's order that says that the  court's order that states it's granted a motion to dismiss. It doesn't even recite the 2615, that this is based on a 2615 motion. The appellate argues that the court ruled on the motion to dismiss. However, it just denied the petition. And the court order is clear. In paragraph 6 of that order, it says for the foregoing reasons, this court denies the petition to vacate the property settlement of November 23rd, 2015. The court could have ruled and denied this petition whether the appellee had filed anything. He didn't even have to file a response. He didn't file an answer. The only thing he filed was the motion to dismiss. But she could have denied the petition whether or not he filed a response at all. And there is nothing to reference a motion to dismiss in the court's order. So our first issue of contention is that this was just a denial of the petition to vacate by the court. And the court had said in their order that they based it on the evidence in the record. There was alleged duress and coercion by the appellee against the appellate, which made the agreement unpunishable. The court ruled in her order that I didn't find her not incompetent to enter the MSA that day. That her attorneys failed to discover rare assets that should have been included. The court said based on the evidence in the record, there was extensive discovery in this case. Then the appellate argued that the attorney that she had at the time failed to protect her interests by abandoning her on the day of court. The court actually in the transcript, you can see, they discussed this with Ms. Foltz and they said, you're consenting to withdraw, you want to proceed today. She said yes. In the court's order, they said based on the evidence in the record, she voluntarily consented to withdraw her attorney that morning and wished to proceed pro se. And as the appellant wishes to argue the standard of review is do no go, he relied on 2007 People v. Vincent. In that case, the Supreme Court case, and I know the 5th District has mentioned Vincent in their 2010 case, there's five ways to rule on a 214-01. That's the court can either deny or grant based on, without an evidentiary hearing, the court can deny or grant with an evidentiary hearing, or the court can deny it, or dismiss it, I'm sorry. But in People v. Vincent, it was a legal issue challenge. There was a prisoner who said there was a void judgment against him. So it was a legal issue, so of course it was do no go. The 5th District actually followed that case in 2010 in Asside Properties v. Paulus and they said that a denial of a petition to vacate without a hearing should be do no go as a standard of review. However, then the Supreme Court came out with Warren County Soil and Water Conservation District v. Walters in 2015. And in that case, the Supreme Court said that Vincent was for legal issues only. They also said that the pleadings can be on legal issues or they can be on factual issues. And they said in that case, the nature of the petition, which would be the petition to vacate, is critical because it dictates the standard of review on appeal. Everything in this false petition is factual, which the Warren County v. Walters said would be an abuse of discretion standard. And the appellant filed a motion to dismiss on this case, not an answer to the petition to vacate, which the district where an opposing party challenges the facts supporting the request for relief. There was never an answer filed. It was just a motion to dismiss. And the court of its own accord denied the petition to vacate. There are cases, 2nd District and 1st District, where the petition to vacate was denied and was upheld by the district courts. In Philco v. Vilco, the parties had negotiated for 2 years. The wife had claimed she was emotionally unbalanced and didn't understand the proceedings. The appellate court's evidentiary hearing is not necessary where the motion informed the court of the testimony of all the witnesses. There was no new evidence in the petition. There was no evidence that was not discoverable prior to the judgment being entered. And the appellate court stated in Philco that there must be a point of no return to some finality. In the 1997 2nd District Chapman and remarriage of Chapman case, the parties had negotiated for 2 days. The parties had been in court numerous times. The husband there said he was threatened by the wife, that he felt he had to enter into the matter of and the motion informed him of what the testimony would be. So the appellate court said no evidentiary hearing was necessary and there was no evidence that was not discoverable prior to the prove-up. And in the present case, if you actually read the transcript of the prove-up, it says the parties negotiated the settlement agreement between the 2 attorneys for 6 months. The marriage settlement agreement was signed 6 days prior to the prove-up. And also, Ms. Fultz had signed quick claim deeds prior to the prove-up. The judge hadn't even ruled on the marriage settlement agreement and she had already signed quick claim deeds. The trial court in this case was very familiar with the case. It was very familiar with the parties. It had read transcripts. It had read depositions that were taken post-judgment. It had resolved multiple discovery disputes. In the petition to vacate, the appellate cites real estate in her petition with values, but there's no appraisals. No appraisals have been done in any of these properties. She doesn't allege any concealment. She doesn't allege that she didn't know about this real estate. And all of the real estate in the petition to vacate is located in St. Clair County. Well, a diligent person could just go to the real estate easily. However, she doesn't allege that she didn't know about it. In fact, I think she, in her deposition states she does know about it. And also, in her petition to vacate, she cites non-marital property that was awarded in the prior three divorces to the appellate. I think specifically was the marital home that the parties had lived in, 3520 Bridge Lane in Millstock. That was awarded to the appellate in the third divorce. And in this case, in this divorce, the court actually had to issue an order making the wife sign a quick claim deed over to the husband because that was already adjudicated in the third divorce. To say that she didn't know what Mr. Foltz had, what the appellate wants to say, it was a 26-year marriage. It's not a 26-year marriage. It's a three-and-a-half-year marriage. This fourth marriage was a three-and-a-half-year marriage from the time they got married to the time the petition for dissolution of judgment was filed. The appellate must allege facts in bringing her to 1401 petition. In remarriage of Ropeneck, it's a third district case, says America's claim to her defense. Well, she alleges duress and coercion, and she said that made the marital settlement agreement unconscionable. She alleged that her private counsel didn't represent her properly. She alleged she was addicted as an ex. She also must present facts that she showed due diligence in bringing her claim. She cites property in the petition to vacate, which was discovered, which was all discoverable at the time of the marital settlement agreement, and actually all known to her. She doesn't say he concealed it. She doesn't say he committed fraud. She performed approval in front of the same judge who ruled on the petition to vacate, and she asked her to approve that marital settlement agreement. She didn't mention the Xanax addiction to the court at that time, and she consented to proceed without an attorney. An attorney can't consent to their withdrawal, and she did that on record. A 214-01 motion is used to bring facts to the attention of trial court, which no one at that time would have precluded entry. She's also supposed to establish due diligence in filing the petition. She waits until March of 2016. The judgment was entered in November of 2015. She waits until March of 2016. She states she has a Xanax addiction, but in her depositions, which are an exhibit to the motion to dismiss, she states the last time she took the Xanax was in July or August of 16, but she doesn't file her petition until November. But she's already gone to see Mr. DeRee while she still has the Xanax addiction in March of 2016. And in her deposition, she says that Mr. Foltz is the one that pushed her to file this motion to vacate, which doesn't make a lot of sense because she's saying Mr. Foltz pushed her to sign a marital settlement agreement. Now he's pushing her to sign this motion to vacate. She says she couldn't read due to the stress of being traumatized in her deposition, but she signed this marital settlement agreement six days prior. She signed these quick claim deeds six days prior. She alleges she's under duress. In remarriage already, it's a second district case, the court said that pressure is not uncommon in divorce proceedings. That duress has to be shown by clear and convincing evidence. That coercion is usually found in cases which are hastily settled, that's like a few hours before the hearing. This was six days, and actually six months of negotiations. While she had counsel the whole time, the only time she didn't have counsel was the day of the marital settlement agreement, that morning, her counsel withdrew. In Reedy, the wife said the attorney told her just say yes to everything, which is very similar to what Ms. Foltz said in her deposition, but she said it of Mr. Foltz's counsel, that he told her to say yes to everything. The court in Reedy did not overturn the petition to vacate, and it says that, it's not for second thoughts, but just because you have a second thought, you shouldn't be able to come in and vacate the judgment. Also, in Remarriage of Beattie, which is a third district case, that court denied the petition to vacate. The wife there checked into a hospital on the night of the divorce, and she alleged prescription drugs as well, but the court observed her and said that they could determine her credibility, that they thought she was fine to enter the judgment. And going to uncautionability, you have to look at the circumstances at the time of the judgment, and also the economic circumstances after the judgment. That's in Remarriage of Chapman, second district, and Bilowski, third district. The circumstances at the time of the judgment, and this is one of the questions that you ask counsel, did she receive money? She did receive money. He wired $200,000 to her title company that same day at her request. So she did receive money, and actually she received another, I believe it was $39,000, which actually wasn't in the marital settlement agreement from Mr. Foltz. So is it money or is it a house? It wasn't marital property. She was making a contract to buy a house, so if she didn't have the wherewithal to make a conscious decision, how did she enter a contract to buy a house when she's closing on the same day that she's entering into this marital settlement agreement, but at the same time she says she doesn't have the wherewithal to enter a marital settlement agreement, which essentially is a contract as well. She was buying a house that day. Her husband was wiring the money. So did she see the money? No, she didn't see the money. But did she receive money? Yes, she received money, went to the title company, directly to the title company, and it purchased the house. She had already signed the clip claim deeds to the property. These are the circumstances at the time this judge took the proof up. She was represented by counsel up until that day. She had signed a consent for the withdrawal that day. She also stated in her deposition that prior counsel had everything they needed because she gave it to them. Everything they needed, I don't know if she meant discovery. I don't know what she meant by that. But if they had everything she needed, then I don't know what my client could have been hiding from them. Was anything stated on the record as to the reason for the withdrawal and the consent? No, Your Honor. I believe that the judge just said you consented to the withdrawal, you signed a consent to the withdrawal today, and you want to proceed pro se. And that was pretty much about it. And I don't even know that her prior attorney was present at the proceeding. And like I said, circumstances at the time of the judgment, these parties were married from November of 2010, and the petition was filed in May of 2015, three and a half years. Even the maintenance, the statutory requirements for maintenance would be about eight months. And the appellant wants to say that all she received was $200,000, but she actually received more. And I think in their petition to vacate they say $250,000. I thought it was $239,000. I may be mistaken. But she also received a property as tenants in common with Mr. Foltz, which in her financial statement she said was worth $106,000. She also received $750 a week in child support. That's more than the statutory amount, and that's actually in the marital settlement agreement that she received, that the parties agreed that this was more than the statutory amount that she should have gotten. It's $39,000 a year. She also received an $18,000 vehicle, which had no debt on it. Yes, Mr. Foltz did receive three parcels from Cahokia. Thank you. There was no evidentiary hearing. We were there on a motion to dismiss under Section 615. That's the only pleading that was filed, and that was clearly stated at the hearing, and I repeated it during the hearing when arguments were made that seemed to be based on the evidence that we're here under a motion under 615. And the facts are that, and as alleged, Bobbie Jo received a house worth $250,000 and Mr. Foltz more than $3,200,000. That's just not a fair distribution of the property. If they were married in 2010 and divorced in November 2015, that's a total of five years, but altogether they were together for 26 years and married and divorced four times. The Warren County Soil and Water District case, I'll just quote a few sections from it that are on page one and two of our reply brief. It says, quote, when the opposing party challenges the facts supporting the petitioner's request for relief under Section 1401, a full and fair evidentiary hearing must be held. And then it continues, when a circuit court correctly enters judgment on the pleadings or dismisses a complaint, or I should say whether a circuit court correctly enters judgment on the pleadings or dismisses a complaint, is subject to de novo review and, quote, the abuse of discretion standard is improper under Section 2-1401, in Section 2-1401 proceedings, in which either judgment on the pleadings or dismissal for fear to state a cause of action has been entered. So we were there on a motion to dismiss, which we responded to. And we've cited in our brief at pages 16 and 17 the Jackson case and the Kilberg case, which point out in deciding a motion to dismiss, the merits of the case are not to be considered. In considering motions to dismiss, the court may not consider affidavits, the products of discovery, documentary evidence not incorporated into the pleadings as exhibits testimonial evidence or other evidentiary materials. So what seems to have happened is even though we were there on a motion to dismiss and did not present any evidence, were not prepared to present evidence, were not asking to present evidence, that the argument is, well, there was like an evidentiary hearing, and this case should be decided as though there had been an evidentiary hearing. There was not an evidentiary hearing. We believe that an evidentiary hearing we will be able to establish unconscionability and grounds for relief under the 1401 petition that the settlement of property should be more favorable to Bobby Joe than it currently is. The standard on review is de novo, and we would submit to the court we stated a claim for relief, and that is all required for this court to decide the issue. The cases cited, I did distinguish the cases that were cited during the respondents' arguments at pages 6 and 7 of our brief, and those cases are In re Marriage of Reedy, R-I-E-D-Y, Beattie v. Beattie, In re Marriage of Bieloski, and In re Marriage of Broppinack. All of those cases were decided after an evidentiary hearing, period. There was one case cited, and I think we distinguished this in the reply brief as well, in which a court had decided a 1401 petition on basically a motion to dismiss or judgment on the pleadings, but the issue there was whether or not the 1401 petition alleged claims, alleged facts, which would entitle the party to relief, which is where we are in this case. Does the amended petition, in this case alleged facts, which have proven to be true, would entitle Bobby Joe to relief, and we submit to the court that it does. Counsel, you stated a number of times throughout your argument that this was a 26-year marriage. Yes, Your Honor. Between these parties that they were married and divorced. Why, and is there any case that you can cite that we should go back beyond their last divorce in terms of making any of these decisions and go beyond that 2010 divorce? That wasn't specifically addressed in the briefs. I would have to do a little research on it. I would submit there is an equitable basis, at least for the equitable basis for considering the due diligence issues, for example, that she had been under his dominion and control through all of these divorces and remarriages, but I'm not in a position to cite a case. You haven't cited a case in your brief, have you? No, Your Honor, and it was not an issue. Thank you. All right. Thank you, Counsel. The court will take this matter under advisement and render a decision in due course.